REQUESTED BY: Senator Vard Johnson District No. 8 State Capitol Lincoln, NE
Dear Senator Johnson:
This letter is in response to your inquiry of February 20, 1981, regarding whether, under existing law, the State Fire Marshal can adopt a fire code for high rise buildings as is contemplated by LB 266.
Neb.Rev.Stat. § 81-502 (Reissue 1976) provides in pertinent part:
 It shall be the duty of the State Fire Marshal, under authority of the Governor . . . (2) to promote safety and reduce loss by fire; (3) after a careful study and investigation of relevant data bearing thereon, to promulgate, alter and enforce rules and regulations covering: (a) The prevention of fires; . . . (c) electric wiring and heating, protection equipment devices, materials, furnishings, and other safeguards within the structure necessary to promote safety and reduce loss by fire, and the means and adequacy of exits, in case of fire, in assembly, educational, institutional, residential, mercantile, office, storage, and industrial-type occupancies . . . and all other buildings, structures and enclosures in which numbers of persons Congregate from time to time for any purpose whether privately or publicly owned; . . .
It is our opinion that the State Fire Marshal currently has the authority under the aforementioned statute to adopt rules and regulations establishing a high-rise building code with the restriction that the regulations may not impose an `. . . unduly severe or costly burden without substantially contributing to safety of persons or property. . .' Neb.Rev.Stat. § 81-502.
Although the aforementioned statute does not set forth a height distinction for covered structures, so long as any rules or regulations which impose more stringent requirements on higher structures of the same class are reasonably related to the additional hazards accompanying the higher building, an example being the difficulty in evacuation, the adoption of such rules or regulations would be within the Fire Marshal's authority.
Sincerely, PAUL L. DOUGLAS Attorney General Mark D. Starr Assistant Attorney General